JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA  92024
(760) 436-5589 / Fax (760) 479-0570

Attorneys for Plaintiff
Summit Estate, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMIT ESTATE, INC., a California corporation,<br><br>             Plaintiff,<br>      vs.<br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.: 5:20-cv-04697-EJD<br><br>**PLAINTIFF SUMMIT ESTATE'S MEMORANDUM OF POINTS AND AUTHORITES IN OPPOSITION TO MOTION BY DEFENDANT CIGNA TO CONSOLIDATE THIS CASE WITH THE PUTATIVE CLASS ACTION LAWSUIT CAPTIONED PRS, ET AL VS. CIGNA, ET AL CASE NO.: 20-CV-12251-EJD**<br><br>Date:   November 19, 2020<br>Time:   9:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Dept:   Courtroom 4- 5th Floor |

- 1 -

Memorandum of Points and Authorities in Opposition to Motion to Consolidate – SUMMIT ESTATE v. CIGNA HEALTH AND LIFE INSURANCE COMPANY 5:20-cv-04697-EJD

## I. INTRODUCTORY STATEMENT

This lawsuit involves Plaintiff SUMMIT ESTATE, INC.'s (hereinafter "SUMMIT") causes of action against Defendant Cigna Health and Life Insurance Company (hereinafter referred to as "CIGNA") for underpayment of substance abuse treatment services provided by SUMMIT to its patients who were insured by Defendant CIGNA.

Summit Estate filed a prior lawsuit filed in state court on May 1, 2017, and removed to federal court, entitled Summit Estate v. Cigna Health and Life Insurance Company, Northern District of California Case No.: 5:17-cv-03871-LHK (the previous individual Summit case) which involved exactly the same claims as this captioned Summit case. After motions, disclosures and mediation, on April 18, 2018 the previous individual Summit case was voluntarily dismissed by the parties who agreed to work toward reprocessing and/or resolution of the claims at issue in that previous action pursuant to a tolling agreement.

Unfortunately, after much effort and time, the claims from the previous dismissed litigation did not get resolved and this follow up lawsuit was filed. The complaint in this individual Summit lawsuit makes it clear that it only includes exactly the same claims from the previous lawsuit at paragraph 4 which states:

> "This lawsuit involves only the same claims and patients that were the subject of a prior lawsuit in this court entitled Summit Estate v. CIGNA, Case No.: 17-CV-03871-LHK, that the parties agreed to dismiss with prejudice subject to a tolling agreement so they could engage in efforts to reprocess claims and try to resolve any issues regarding the claims identified in paragraph 5 herein. This lawsuit only alleges the same causes of action that remained viable in the prior litigation after two motions to dismiss."

The two motions to dismiss referred to above determined issues that have been raised by the Defendants in the pending motions to dismiss in PRS class action in which Defendants assert ERISA preemption and challenge the pleading sufficiency of the state law causes of action.

In the prior dismissed Summit case, Case No.: 5:17-cv-03871-LHK, with regard to the first motion to dismiss, the court ruled that the state law causes of action were not conflict preempted by ERISA, and that the oral/implied breach of contract and negligent misrepresentation claims were properly pled. *Summit Estate, Inc. v. Cigna Healthcare of California, Inc., 2017 U.S. Dist. LEXIS 167462 (N.D. Cal. Oct. 10, 2017)*, pages 4 and 14.

- 2 -

Memorandum of Points and Authorities in Opposition to Motion to Consolidate – SUMMIT ESTATE v. CIGNA HEALTH AND LIFE INSURANCE COMPANY 5:20-cv-04697-EJD

In the second motion to dismiss, the court found that the fraud claims were properly pled and denied the motion as to those claims. *Summit Estate v. Cigna*, No. 5:17-cv-03871-LHK, Doc. No. 53, page 9.

None of the claims for payment of substance use disorder treatment at issue in this individual Summit cases are the same as the claims which are part of the PRS class action lawsuit filed on April 2, 2020. To Summit's knowledge, the pending individual Summit lawsuit and the PRS class action lawsuit involve different patients as well as completely different claims for different dates of service. The claims at issue in the pending individual Summit case and the PRS class action involve different types of substance use disorder treatment services. This individual Summit case involves claims for residential treatment care, partial hospitalization and intensive outpatient care.  The PRS class action lawsuit only involves intensive outpatient care claims.

SUMMIT opposes the motion to consolidate on the grounds that consolidation will prejudice it by dramatically increasing its attorney fees and costs, and by delaying resolution of the old claims at issue in this lawsuit.

## II.  LEGAL STANDARD FOR CONSOLIDATION

Federal Rules of Civil Procedure, Rule 42, allows the court in its discretion to consolidate actions, providing as follows:

> "(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

The burden to show that consolidation is desirable rests with the moving party. *See DMF, Inc. v. AMP Plus, Inc.*, 2019 WL 9077477, at *6 (C.D. Cal. Dec. 13, 2019). In *Huene vs. United States*, 743 F.3d 703 (9th Cir. 1984) the court discussed the factors the court should consider in evaluating a consolidation request and stated as follows at page 704:

- 3 -

Memorandum of Points and Authorities in Opposition to Motion to Consolidate – SUMMIT ESTATE v. CIGNA HEALTH AND LIFE INSURANCE COMPANY 5:20-cv-04697-EJD

> "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."

Weighing these factors in the individual and class action cases results in the conclusion that Defendants have not met their burden of showing that consolidation would be beneficial and consolidation of the two causes would not be appropriate.

**III. CONSOLIDATION WOULD NOT SERVE JUDICIAL ECONOMY, WOULD PREJUDICE PLAINTIFF SUMMIT ESTATE, AND HAS THE POTENTIONAL TO CREATE SIGNIFICANT CONFUSION**

The claims at issue in the individual Summit cases involve different patients than the claims at issue in the PRS class action lawsuit. Since the time of the claims at issue in the individual Summit case, Summit has had changes in corporate structure and management making it effectively a different company, with different personnel. Thus, not only will the witnesses for Defendant Cigna undoubtedly be different, the witnesses for Summit for the most part will be as well.

To Summit's knowledge, the pending individual Summit lawsuit and the PRS class action lawsuit involve different patients as well as completely different claims for different dates of service. Summit would be prejudiced if these cases are consolidated. This case is past the pleading motion stage, and after a few depositions, could be ready for trial. After all this time, Summit would potentially suffer from significant delay if required to tag along with the class action lawsuit.

The claims at issue in the pending individual Summit case and the PRS class action involve different types of substance use disorder treatment services. The individual Summit case involves claims for residential treatment care, partial hospitalization and intensive outpatient care.  The PRS class action lawsuit only involves intensive outpatient care claims. The different types of claims create different issues regarding payment amounts, authorizations and other issues which would make it confusing should these cases be consolidated.

Although this individual Summit case has claims in which Viant was involved, Viant is not named as a Defendant as it is in the PRS class action lawsuit. The individual Summit lawsuit alleges

- 4 -

Memorandum of Points and Authorities in Opposition to Motion to Consolidate – SUMMIT ESTATE v. CIGNA HEALTH AND LIFE INSURANCE COMPANY 5:20-cv-04697-EJD

only basic state common law claims, not complex sophisticated claims like RICO or Sherman act violations.

The prior dismissed Summit case, Case No.: 5:17-cv-03871-LHK had rulings on two motions to dismiss resulting in the exact same California state law causes of action alleged in this case remaining intact, and because many of the same ERISA preemption and pleading sufficiency issues have been raised in the PRS class action

Counsel for Summit was not served with the Defendants pending motion to consolidate (nor was he contacted informally to discuss the issue). Shouldn't Summit, and its counsel in this case, at least have the opportunity to express a position on the consolidation issue?

### IV. CONCLUSION

By reason of the foregoing, it is respectfully requested that the individual and class action lawsuits be kept separate to avoid prejudice, confusion and delay.

Dated:  September 8, 2020                     LAW OFFICE OF JOHN W. TOWER


By:  /s/ John W. Tower
         JOHN W. TOWER
         Attorney for Plaintiff
         Summit Estate, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 9, 2020, to all counsel of record who are registered CM/ECF users via the Courts CM/ECF system. Any counsel record who are not registered through the courts CM/ECF system will be served by email or other means permitted by court rules.

                                        */s/ John W. Tower*
                                        JOHN W. TOWER
                                        Attorney for Plaintiff
                                        SUMMIT ESTATE, INC.

- 6 -

Memorandum of Points and Authorities in Opposition to Motion to Consolidate – SUMMIT ESTATE v. CIGNA HEALTH AND LIFE INSURANCE COMPANY 5:20-cv-04697-EJD