JORDAN S. ALTURA (SBN: 209431)
jaltura@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE COMPANY

JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
(760) 436-5589 / Fax (760) 479-0570

Attorneys for Plaintiff
SUMMIT ESTATE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMIT ESTATE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:20-cv-04697-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 1, 2020<br>Time: 10:00 a.m.<br>Ctrm: 4, 5th Floor |

The parties submit the following Joint Case Management Statement following their satisfaction of the meet and confer requirement. Pursuant to the Clerk's Notice Resetting Case Management Conference Following Reassignment and Federal Rule of Civil Procedure 26(f), the following is a report regarding the conference of the parties held between John Tower on behalf of Plaintiff Summit Estate, Inc. ("Summit") and Jordan S. Altura of Gordon Rees Scully Mansukhani, LLP., on behalf of Defendant Cigna Health and Life Insurance Company ("Cigna").

John Tower shall appear at the conference for Summit. Jordan S. Altura shall appear at the conference for Cigna.

**1.    Jurisdiction and Service.**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and subject-matter jurisdiction under 28 U.S.C. § 1331. Summit is a California corporation with its principal place of business in California. Cigna is a resident of Connecticut with its principal place of business in Connecticut. All parties to the present action have been served.

**2.    Facts.**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

    **a.    Summit's Position**

This case is a refiling of a prior case entitled *Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, Case No. 5:17-cv-03871-LHK and involves causes of action for underpayment of substance use disorder treatment claims involving residential treatment care, partial hospitalization and intensive outpatient treatment. This case involves claims for specific time frames for specific patients which were at issue in the prior case and which are identified in paragraphs 4 and 5 of the complaint herein.

    **b.    Cigna's Position**

Cigna adopts its statement of factual issues discussed in the Joint Case Management Statement filed in *Pacific Recovery Solutions, et al. v. Cigna Behavioral Health, Inc.*, Case No. 5:20-cv-02251-EJD ("Putative Class Action").

Summit is a substance abuse treatment facility that does not have a contractual relationship with Cigna, making it an out-of-network provider with Cigna. Summit alleges that it provided treatment to members of Cigna-serviced health benefit plans and that when it contacted Cigna to verify the insurance benefits of those members, Cigna promised it would pay Summit for the

treatment at the Usual, Customary and Reasonable (UCR) rates. Summit alleges that Cigna misrepresented to Summit that payment would be made at UCR rates when Cigna knew that the applicable plans pay out-of-network substance abuse treatment services at significantly lower rates.

Cigna denies that it made any agreements with Summit, and states that it properly paid for all treatment allegedly provided by Summit, pursuant to the terms of the employee benefit plans in which Cigna's members are enrolled.

### 1. The Prior Litigation.

This litigation originated in May 2017 when Summit filed suit against Cigna in California state court alleging that Cigna underpaid Summit for services that it provided for Cigna-insured patients. *Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, Case No. 5:17-cv-03871-LHK (the "Prior Case"). Cigna removed the Prior Case to this Court and moved to dismiss Summit's complaint. The Court granted Cigna's motion in part, with leave to amend. Summit filed its first amended complaint ("FAC") on November 7, 2017. Cigna moved to dismiss Summit's FAC, which the Court again granted in part.

On April 4, 2018, Summit voluntarily dismissed the lawsuit without prejudice after the parties entered into a tolling agreement. Cigna and Summit extended the tolling agreement while the parties attempted to negotiate a resolution of Summit's claims.

### 2. The Putative Class Action.

Cigna's position: In April 2020, after voluntarily dismissing the Prior Case, Summit and three other out-of-network substance abuse treatment providers filed the Putative Class Action against Cigna and one other defendant, Viant Inc. Like the FAC in the Prior Case, the Putative Class Action alleges that Cigna underpaid Summit for intensive outpatient services by repricing its claims in coordination with Viant instead of paying claims at UCR. In the Putative Class Action, Summit asserts a variety of causes of action, including state-law claims for intentional and negligent misrepresentation and breach of contract.

Summit's position: Unlike the putative class action which only involves intensive outpatient claims, this case includes claims for residential treatment care, partial hospitalization as

well as intensive outpatient care. Summit has not named Viant as a Defendant in this case. This case involves and identifies only specific claims for insureds identified in the complaint and asserts only state common law causes of action. Summit is the sole Plaintiff and there are no RICO or anti-trust claims, or class allegations.

### 3. The Instant Litigation.

Cigna's position: On July 14, 2020, Summit filed the instant Complaint, which repeats many of the same allegations and claims asserted in the Putative Class Action and the Prior Case.

Summit's position:  The complaint in this case asserts only the state common law causes of action which were left intact after the second motion to dismiss in the prior case

### 4. Cigna's Motion to Consolidate.

On July 22, 2020,  Cigna filed an administrative motion pursuant to Local Rule 3-12 to relate the Putative Class Action to the instant case.  The Court granted Cigna's motion and reassigned this case to the Honorable Edward J. Davila.  On August 24, 2020, Cigna moved to consolidate this case with the Putative Class Action, which Summit has opposed.  That motion is pending. .

### 3. Legal Issues.

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The Parties dispute whether Summit is entitled to recover additional amounts for its claims under the various state law causes of action pled.

#### a. Summit's Position

This case is separate and distinct from the putative class action. Two motions to dismiss were filed in the prior litigation. It would be inappropriate for Cigna to file a motion to dismiss any of these causes of action on any grounds. The issues it seeks to raise, including ERISA preemption, were raised and addressed by the court in the prior action.

#### b. Cigna's Position

Cigna adopts its statement of legal issues discussed in the Joint Case Management Statement filed in the Putative Class Action.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

The claims in the Putative Class Action and this case overlap significantly. The Complaint in this case asserts the following seven causes of action: (1) breach of contract – pre-admission oral agreement; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) fraudulent concealment; (5) negligent failure to disclose; (6) promissory estoppel; and (7) breach of implied contract. If this case is not consolidated with the related Putative Class Action, Cigna intends to file a motion to dismiss Summit's Complaint.

If any of Summit' claims survive, anticipated legal issues will include, without limitation, the following:

1. Whether Summit's state-law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), under either complete or conflict preemption doctrines;

2. interpreting the relevant terms of Summit's patients' benefit plans;

3. whether Summit can prove its claims for intentional or negligent misrepresentation, including whether those claims satisfy Rule 9(b) and whether they are barred by the economic loss rule;

4. whether Summit can prove its claims for oral and implied contract, including whether Cigna promised to pay out-of-network Summit's claims at 100% of billed charges;

5. whether Summit can prove its promissory estoppel claim, including whether Cigna made a clear and definite promise to pay Summit's claims at 100% of billed charges, and whether Summit can show reasonable reliance given plan terms;

6. whether Summit's claim is precluded on the ground that it failed to exhaust its administrative remedies;

7. whether Summit's claim is rendered moot by the outcome of an administrative appeal;

8. whether Summit's claims are barred by terms of its benefit plans other than the MRC payment methodologies (e.g., the plan does not cover out-of-network

services, the claim was not medically necessary, provider did not obtain appropriate pre-authorization, etc.);

9. whether Summit has valid assignments;

10. whether Summit's claims fail for lack of Article III standing to the extent the claims were not paid at levels below those set forth in the applicable benefit plans; and

11. whether Summit is entitled to any of the relief sought in the Complaint or to any damages it seeks.

To the extent any of Summit's claims survive a motion to dismiss and this case proceeds to discovery, additional legal issues may arise after discovery begins.

### 4. Motions.

*All prior and pending motions, their current status, and any anticipated motions.*

#### a. Summit's Position.

Two motions to dismiss were filed by Cigna and ruled on by the court in the prior action.

#### b. Cigna's Position.

There are no prior or pending motions in this case. However, as discussed in Section 2(b), *supra*, Cigna moved to dismiss Summit's complaint and FAC in the prior suit. Additionally, as discussed above, Cigna has moved to consolidate this case with the related Putative Class Action. Cigna's motion to consolidate is set for hearing on November 19, 2020. The parties in this action have agreed to postpone Cigna's response to the Complaint until November 27, 2020, so that they have the benefit of the Court's decision on Cigna's motion to consolidate.

### 5. Amendments of Pleadings.

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

#### a. Summit's Position.

Absent any motions challenging the sufficiency of the complaint, Summit does not anticipate amending the complaint.

/ / /

/ / /

### b. Cigna's Position.

Cigna reserves the right to assert counterclaims, consistent with Federal Rule of Civil Procedure 13.

### 6. Evidence Preservation.

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties certify that they have reviewed the ESI Guidelines and confirm that they have met and conferred about reasonable and proportionate steps taken to preserve evidence. The parties anticipate that any discovery beyond the productions noted below will be limited.

### 7. Disclosures.

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

### a. Summit's Position.

Summit proposes that the parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) within fourteen (14) days of the Court's ruling on Cigna's motion to consolidate in the related Putative Class Action.

### b. Cigna's Position.

Cigna proposes that the parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) within fourteen (14) days of the Court's ruling on Cigna's motion to consolidate in the related Putative Class Action. Given the early stage of this case, the initial disclosures are subject to modification and supplementation.

### 8. Discovery.

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering*

*into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

      **a.**    **Summit's Position.**

Summit does not agree to the proposed discovery schedule in the putative class action and requests that creating a discovery schedule be deferred until after a ruling on the motion to consolidate as that would make a significant difference in the timing and scope of discovery.

      **b.**    **Cigna's Position.**

No discovery has taken place to date in this case. The parties conducted limited written and document discovery in the Prior Case, which concerned substantially the same issues as this case. *Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, Case No. 5:17-cv-03871-LHK.

Cigna adopts and incorporates herein by reference the proposed discovery staging discussed in the Joint Case Management Statement filed in the Putative Class Action. That process would include both parties producing their respective administrative records for each of the claims at issue. Cigna also will produce its standard operating procedures and payment policies relevant to Summit's out-of-network claims, while Summit should produce policy and procedure documents on its billing and collection practices that apply to either Cigna or Cigna's customers. This exchange will meaningfully advance discovery by providing the parties with further information about out-of-network claims that have been asserted by Summit, and by also providing Summit with discovery regarding how Cigna processes and pays these out-of-network claims.

Further, Cigna proposes that if the Court denies its motion to consolidate in the related Putative Class Action, the parties confer within fourteen (14) days of the Court's ruling to propose an amended discovery plan to be submitted within twenty-one (21) days of the Court's ruling. Section 17 below sets forth a proposed schedule that takes into account this discovery proposal. Otherwise, Cigna does not believe any changes are necessary to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

    **9.**    **Class Action.**

*If a class action, a proposal for how and when the class will be certified.*

This case is not a class action. But as explained in Cigna's motion to consolidate, Cigna submits that Summit, as a named class representative in the Putative Class Action, should not be permitted to proceed separately with this individual case, effectively opting out of the very class it purports to represent in the Putative Class Action.

**10.   Related Cases.**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

This case is related to the Putative Class Action and has been reassigned to the Honorable Edward J. Davila. *Pacific Recovery Solutions, et al. v. Cigna Behavioral Health, Inc.*, Case No. 5:20-cv-02251-EJD.

**11.   Relief.**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Summit seeks the following relief: Payment of the billed amount for substance abuse treatment based on the UCR, injunctive relief prohibiting Cigna, or its agents, from attempting to reprice or renegotiate claims after treatment has been provided, interest at the legal rate and attorney fees.

Cigna denies any and all liability, and further denies that Summit is entitled to any damages or any other relief. Cigna will seek their costs and other relief the Court deems just. Cigna also reserves the right to bring counterclaims at the appropriate time.

**12.   Settlement and ADR.**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have submitted their ADR certifications indicating an agreement to discuss ADR options at the case management conference.

**13. Consent to Magistrate Judge For All Purposes.**

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

All parties have not consented to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References.**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

If this case is not consolidated with the related Putative Class Action, Cigna intends to move to dismiss. Summit believes a motion to dismiss would be inappropriate as two motions to dismiss settled the pleadings in the prior case.

**16. Expedited Trial Procedure.**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The Parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17. Scheduling.**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose the following schedules for dates and deadlines:

a.      **Summit's proposal.**

Summit proposes the court defer scheduling until after the pending motion to consolidate is resolved and then enter an order appropriate to the procedural posture of this case.

b.      **Cigna's proposal.**

| Date | Event |
|---|---|
| 14 days after decision on Cigna's motion to consolidate | Parties to exchange Rule 26(a) disclosures |
| December 20, 2020 | Parties to produce their claim-related documents, administrative records, and relevant policy and procedures documents (as detailed in Section VIII.B above) for the sampled claims |
| If Cigna's motion to consolidate is granted, 21 days after decision on Cigna's and Viant's motions to dismiss, if motions are denied. If motion to consolidate is denied, 21 days after decision on Cigna's motion to dismiss. | Parties to amend pleadings or add new parties. |
|  | Deadlines for completion of fact discovery, Summit's expert reports, Cigna' expert reports, and completion of fact discovery, determined in an amended scheduling order if the case proceeds past the Rule 12(b)(6) stage. |
|  | Deadline for dispositive motions within 60 days of completion of all discovery. |
|  | Pretrial conference and trial to be scheduled after ruling on class certification motion in related Putative Class Action. |

**18.    Trial.**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

As to any claims that survive motions to dismiss and summary judgment, and on which Summit is entitled to a jury trial, Cigna currently estimates that the trial will not take more than two weeks in connection with the Putative Class Action. Summit believes the trial will take 5 days.

**19.    Disclosure of Non-party Interested Entities or Persons.**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Summit certifies that the following listed corporation has a financial interest in the subject matter in controversy or party to the proceeding or has a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Summit Estate, Inc.

Cigna certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  Defendant Cigna Health and  Life Insurance Company; Connecticut General Life Insurance Company; Connecticut General Corporation; Cigna Holdings, Inc.; Cigna Corporation

### 20. Professional Conduct.

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. Other.

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

**a. Summit's position.**

Consolidation of this case with the Putative Class Action would prejudice Summit's interests in this case by causing additional expense to Summit to litigate this case, and delay for Summit to get resolution on the claims at issue in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**b.     Cigna's position.**

Consolidation of the instant case with the Putative Class Action would promote judicial economy and facilitate the just, speedy and inexpensive disposition of this matter.

Dated:  September 21, 2020          LAW OFFICE OF JOHN W. TOWER


By  /s/ John W. Tower
         John W. Tower
Attorneys for Plaintiff
SUMMIT ESTATE, INC.


Dated:  September 21, 2020          GORDON REES SCULLY MANSUKHANI, LLP


By  /s/ Jordan S. Altura
         Jordan S. Altura
Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE COMPANY


**ATTESTATION OF E-FILED SIGNATURE**

I, Jordan S. Altura, am the ECF user whose ID and password are being used to file this document.  In compliance with Local Rule 5-1(i), I hereby attest that John W. Tower, counsel for Plaintiff Summit Estate, Inc., has concurred in this filing.

Dated: September 21, 2020          By  /s/ Jordan S. Altura
         Jordan S. Altura