UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMMIT ESTATE, INC.,<br><br>    Plaintiff,<br>v.<br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No.  5:20-cv-04697-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Plaintiff Summit Estate, Inc. ("Plaintiff") previously sued Defendant Cigna Health and Life Insurance Company ("Defendant") and another related entity for causes of action arising from Defendant's alleged under-payment of claims for reimbursement. *See Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*, Case No. 5:17-cv-03871-LHK. After Judge Koh granted in part and denied in part Defendants' motion to dismiss the first amended complaint, Plaintiff filed a notice of voluntary dismissal without prejudice. Dkt. No. 54. The instant action is a refiling of the prior action; the operative complaints in both actions are nearly identical. Defendant moves to dismiss the Complaint. Dkt. No. 32. Plaintiff opposes the motion, asserting primarily that Judge Koh previously found each claim legally cognizable. Dkt. No. 37. Defendant has filed a reply. Dkt. No. 36. The Court took this matter under submission for decision, without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court grants in part and denies in part Defendant's motion.

Case No.: 5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1

## I. BACKGROUND

### A. Procedural Background

Plaintiff initially sued Cigna on May 1, 2017, in the Superior Court of the State of California for the County of Santa Clara. Cigna removed the action to this Court on the basis of diversity jurisdiction and preemption under 29 U.S.C. § 1144 of ERISA. Cigna successfully moved to dismiss the complaint. *See Summit Estates, Inc. v. Cigna Healthcare of Cal., Inc.*, 17-3871 LHK, 2017 WL 44517111 (N.D. Cal. Oct. 10, 2017) ("2017 Order"). Plaintiff filed a First Amended Complaint, and again, Cigna filed a motion to dismiss. Judge Koh issued an Order granting in part and denying in part such motion. *See Summit Estates, Inc. v. Cigna Healthcare of Cal., Inc.*, 17-3871 LHK, 2018 WL 10689545 (N.D. Cal. Mar. 26, 2018) ("2018 Order"). In an attempt to reach an informal resolution, Plaintiff voluntarily dismissed the action on April 18, 2018, and the parties entered into a tolling agreement. The parties were unable to reach a resolution, and Plaintiff filed the instant case on July 14, 2020.

### B. The Complaint

The Complaint in this case is nearly identical to the First Amended Complaint filed in the previous action. Plaintiff is a "residential substance abuse treatment facility" located in Los Gatos, California. Compl. ¶ 1. Plaintiff treated numerous patients who were insured for substance abuse treatment services pursuant to health insurance plans/policies that were "issued, underwritten and administered" by Defendant. *Id.* ¶ 5. When those patients "sought covered outpatient substance abuse treatment," Plaintiff took reasonable steps to verify available benefits, including contacting Defendant to verify insurance benefits. *Id.* ¶ 6. When Plaintiff contacted Defendant, Plaintiff "was advised in all cases that the policies provided for and Defendant[ ] would pay for treatment at the usual, reasonable and customary rate" ("UCR"). *Id.* "In reasonable reliance on the representations, authorization and agreement" of Defendant, Plaintiff provided treatment to the patients and submitted claims for payment at the UCR. *Id.* ¶ 7. Defendant subsequently refused to pay Plaintiff at the UCR and instead paid a different and significantly lower amount for

Case No.: 5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

2

treatment." *Id.* ¶ 8. Plaintiff learned that at the time it verified benefits, Defendant had information regarding "a different/lower daily payment amount and/or intended to pay a much lower amount but withheld that information from Plaintiff." *Id.* In addition, unbeknownst to Plaintiff, Defendant was using and planning on using a third-party re-pricing company to make unreasonably low claim payments and/or negotiate lower claim payments after the fact. *Id.*

Plaintiff asserts claims for breach of contract, intentional misrepresentation, negligent misrepresentation, fraudulent concealment, negligent non-disclosure of facts, promissory estoppel, and breach of implied contract.[1]

## II. STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the Court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] The instant case is one of three related cases before this Court in which providers of mental health and substance abuse treatment allege that a Cigna entity failed to reimburse them for their services at the UCR rate. *RJ v. Cigna Behavioral Health, Inc.*, No. 20-cv-2255-EJD, is a putative class action case brought by one of Plaintiff's patients who was a member of an ERISA plan administered by Cigna. *Pacific Recovery Sols. v. Cigna Behavioral Health, Inc. et al.*, No. 20 cv-02251-EJD, is a putative class action brough by four providers.

Case No.: 5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
3

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

Claims sounding in fraud are subject to a heightened pleading standard. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-1104 (9th Cir. 2003) (recognizing that claims "grounded in fraud" or which "sound in fraud" must meet the Rule 9(b) pleading standard, even if fraud is not an element of the claim). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

If a complaint is dismissed, leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).

### III. DISCUSSION

Defendant asserts that all of the claims are preempted under Section 514(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"); that the fraud-based claims fail to state a claim upon which relief can be granted because they are not pled with sufficient particularity as required by Federal Rule of Civil Procedure 9(b); that the promissory estoppel claim fails to state a claim upon which relief can be granted because Plaintiff fails to plead sufficient facts to support the existence of a clear and unambiguous promise; that the breach of implied contract claim fails to state a claim upon which relief can be granted because Plaintiff does not plead sufficient facts to support the existence of an implied-in-fact contract upon which the claim is based; that Plaintiff fails to allege sufficient facts to support an inference that Defendant acted with oppression, fraud or malice as required by California Civil Code section 3294; and that punitive damages for promissory estoppel are not available as a matter of law.

Case No.: 5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
4

Nearly all of Defendant's arguments were rejected by Judge Koh in the previous suit. In the 2017 Order, the Court found, in pertinent part, that Plaintiff had stated a legally cognizable breach of contract claim based on alleged agreements to pay for treatment at the UCR, and that these agreements were separate from the policies under which Plaintiff's patients were insured. 2017 Order, 2017 WL 44517111, at *4. The Court also found that Plaintiff pled a legally cognizable breach of implied contract claim. *Id*. at *4-5. The Court also found that the claims for breach of contract, breach of implied contract, and negligent failure to disclose were not preempted. *Id*. at *13-16. As to the "reference to" prong of the preemption analysis, the Court concluded that California contract and tort law do not "act exclusively upon ERISA plans, and that the existence of ERISA plans is not essential to their operation." *Id.* at *15. As to the "connection with" prong of the preemption analysis, the Court concluded that the relationship between Plaintiff, a health care provider, and Defendant, an insurance plan, is not an "ERISA-regulated relationship." *Id*. In the 2018 Order, the Court found, in pertinent part, that the intentional misrepresentation, negligent misrepresentation, and fraudulent concealment claims were pled with sufficient particularity. 2018 Order, 2018 WL 10689545, at *4-5.

### A.   Preemption, Contract Claims and Fraud-based Claims

Although the parties are not bound by the 2017 and 2018 Orders[2], they are persuasive. The Court adopts the reasoning detailed by Judge Koh in the 2017 and 2018 Orders and concludes that Plaintiff's claims are not preempted, and that Plaintiff has alleged cognizable contract claims and fraud claims. Defendant's arguments for a different outcome regarding these claims are unpersuasive for the reasons discussed below.

#### 1.   Preemption

Defendant's reliance on the preemption analysis in *Pacific Recovery Sols. v. Cigna Behavioral Health, Inc.*, No. 20-2251-EJD, 2021 WL 1176677, at *6 (N.D. Cal. Mar. 29, 2021) is

---

[2] Neither res judicata nor collateral estoppel is traditionally applicable to a voluntary dismissal. *McMillan v. Lowe's Home Centers, LLC*, No. 15-695 KJM, 2016 WL 232319, at *5 (E.D. Cal. 2016) (citing *In re Piper Aircraft Distrib. Sys.Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977)).

Case No.:  5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

5

1  misplaced because that case is distinguishable. In *Pacific Recovery*, the complaint referred to
2  ERISA. *Id*. at *6. Here, the Complaint refers to insurance plans and policies, but makes no
3  mention of ERISA. In *Pacific Recovery*, the plaintiffs also alleged that their understanding of the
4  UCR was based on Cigna's "published definition," that they submitted claim forms to Cigna, and
5  that they were assignees of the patients' benefits. Moreover, the plaintiffs in *Pacific Recovery*
6  acknowledged in their opposition brief that Cigna's plans dictated Cigna's payment obligations.
7  *Id*. Collectively, these allegations suggested that the plaintiffs' claims related to ERISA plans. *Id*.
8  The Complaint in this case lacks comparable allegations. At the pleading stage, the Court finds
9  that Plaintiff's claims are not preempted for the reasons stated in the 2017 Order.

### 2.  Contract Claims

Defendant asserts that verification of benefits calls are insufficient as a matter of law to create a contract for payment at a certain rate. However, the Court rejected this argument in the 2017 Order, reasoning that:

> Plaintiff's complaint does not allege that Defendants merely verified coverage to Plaintiff. Instead, Plaintiff's complaint alleges that, "in all cases," Defendants told Plaintiff that "Defendants would pay for treatment at the usual, reasonable and customary rate." Thus, Plaintiff has alleged sufficient facts to plausibly suggest that Defendants exhibited outward conduct indicating Defendants' intent to contract with Plaintiff.

2017 Order, 2017 WL 4517111, at *3 (internal citation omitted). Plaintiff's Complaint in this case includes the same allegation that Defendant would pay for treatment at the UCR, which is sufficient to plausibly suggest Defendant's intent to contract.

Defendant next contends that Plaintiff fails to plead with specificity the terms of the contract. The argument is unpersuasive. Under California law, "[a]n oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words." *Id*. at *4 (quoting *Scolinos v. Kolts*, 37 Cal. App. 4th 635, 640 (1995)). Here, Plaintiff alleges that the substance and general terms of the contract: that Plaintiff would provide substance abuse treatment in exchange for reimbursement at the UCR. Compl. ¶ 10. The allegations are sufficient to give Defendant

notice of what the claim is and the grounds upon which it rests.

### 3. Fraud Claims

Defendant contends that the fraud claims lack specifics such as the names of Plaintiff's representative. However, Rule 9(b) does not require Plaintiff to identify its representatives. *See* 2018 Order, 2018 WL 10689545, at *4 ("Drawing all reasonable inferences in Plaintiff's favor—as the Court must on a motion to dismiss—alleging the names of Defendants' employees, their reference numbers, and the entity the employees spoke with (namely, Plaintiff) is sufficient to apprise Defendants of the dates of the alleged misrepresentations."). Defendant also faults Plaintiff for failing to allege what is meant by UCR. The absence of this detail, however, is not fatal to the fraud claims. Construing the facts in the light most favorable to Plaintiff, the Complaint alleges that Defendant had no intent to pay UCR, regardless of how that term is defined. Compl. ¶ 8 (Defendant "intended to pay a much lower amount but withheld that information from Plaintiff and informed Plaintiff that payment would be based on the UCR). Instead, Defendant "was using and planning on using a third-party re-pricing company to make unreasonably low claim payments and/or negotiate lower claim payments after the fact." *Id*. Plaintiff's allegations are specific enough to give Defendant notice of the particular misconduct at issue, and therefore satisfy Rule 9(b). *Vess*, 317 F. 3d at 1106.

### B. Promissory Estoppel Claim

"The elements of promissory estoppel are (1) a clear and unambiguous promise by the promisor, and (2) reasonable, foreseeable and detrimental reliance by the promisee." *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 929 (2013). Plaintiff alleges that Defendant represented it would pay for outpatient substance abuse treatment at the UCR. Compl. ¶¶6, 30. This is a sufficiently clear and unambiguous promise to plead a cognizable promissory estoppel claim. *Cal. Spine and Neurosurgery Inst. v. United Healthcare Servs., Inc.*, No. 18-2867 PSG, 2018 WL 6074567, at *5 (C.D. Cal. June 28, 2018) (a promise of payment at the UCR rate is sufficiently clear and definite); *Summit Estate, Inc. v. United Healthcare Insur. Co.*, No 19-5724

Case No.: 5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

7

YRG, 2020 WL 5436655, at *6 (N.D. Cal. Sept. 10, 2020) (same). Defendant contends that Plaintiff must plead more facts, including, but not limited to: the type of services to be rendered; the date the services would be rendered; the cost of the services; the amount that Plaintiff would bill for the services; the amount Cigna would pay for the services or what "UCR" meant in monetary terms; to whom the promise was allegedly made; and when payment would allegedly be made. These types of details are not required for a promissory estoppel claim, which must only satisfy the notice pleading standard of Rule 8, not Rule 9(b).

### C. Punitive Damages

In the Prayer, Plaintiff seeks punitive damages for three claims: intentional misrepresentation, fraudulent concealment, and negligent failure to disclose. Complaint, Prayer ¶ 4. Defendant contends that Plaintiff cannot recover punitive damages for the fraudulent concealment and negligent failure to disclose claims because Plaintiff failed to specifically request punitive damages for these two claims within the body of the Complaint. Defendant is correct in part. Plaintiff includes a request for punitive damages with the fraudulent concealment claim because that claim incorporates by reference the allegations set forth in paragraph 19, which clearly asserts a claim for punitive damages. Compl. ¶¶ 19, 22. Plaintiff, however, does not include a claim for punitive damages in the negligent failure to disclose claim. *See id.* ¶ 25 (incorporating by reference paragraphs 1 through 18 and 21, and not 19).

Defendant also contends that the Court should dismiss Plaintiff's claim for punitive damages because it has not been pled the elements identified in California Civil Code section 3294, which is California's punitive damages. However, this is a federal case and therefore, the Federal Rules of Civil Procedure provide the pleading standard. Under Rule 9(b), general allegations of malice, knowledge, and intent suffice. *Madrigal v. Performance Transp., LLC*, No. 21- VKD, 2021 WL 1253795, at *6 (N.D. Cal. Apr. 5, 2021) (although California Civil Code § 3294 provides the substantive law for punitive damages, the Federal Rules of Civil Procedure provide the pleading standard).

Case No.: 5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

8

Lastly, Defendant contends that punitive damages are not recoverable as damages for promissory estoppel. The argument is well taken. *DeSario v. Wolters Kluwer*, No. 09-9385 GW, 2010 WL 11549534, at *4 (C.D. Cal. Jul. 26, 2010).

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff is precluded from pursuing punitive damages for the promissory estoppel claim and the negligent failure to disclose claim. In all other respects, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: March 30, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-04697-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
9